UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLASSWALL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-332-HSM-DCP |
| | ) | |
| AGC FLAT GLASS NORTH AMERICA, INC., | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the following Motions:

1. Defendants' Motion to Serve Additional Interrogatories [Doc. 95];

2. Defendants' Motion to File Under Seal [Doc. 96];

3. Plaintiff's Motion for the Magistrate Judge to Reconsider and Modify a Portion of Her Memorandum and Order Entered on October 30, 2018 ("Motion to Reconsider") [Doc. 106];

4. Defendants' Second Motion for Sanctions and Third Motion to Compel [Doc. 108]; and

5. Plaintiff's Cross Motion for a Protective Order and Opposition to Defendants' Second Motion for Sanctions ("Cross Motion") [Doc. 109].

The Motions are ripe for adjudication. Accordingly, for the reasons set forth below, the

Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Serve

Additional Interrogatories [**Doc. 95**]; **GRANTS** Defendants' Motion to File Under Seal [**Doc. 96**];

**DENIES** Plaintiff's Motion to Reconsider [**Doc. 106**] and Defendants' Second Motion for Sanctions and Third Motion to Compel [**Doc. 108**]; and **DENIES AS MOOT** Plaintiff's Cross Motion [**Doc. 109**].

## I.     POSITIONS OF THE PARTIES

The Court will summarize the Motions in the order in which they were filed.

### A.     Defendants' Motion to Serve Additional Interrogatories

Defendants request that they be permitted to send Plaintiff additional interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1).  Defendants state that the additional interrogatories, Interrogatory Nos. 26-28, are necessary to identify and cross examine Plaintiff regarding its alleged damages.  In addition, Defendants request permission to serve an additional twenty-two (22) interrogatories for a total of fifty (50) interrogatories.  Defendants state that the Court is aware of the size, scope, and complexity of this litigation.  Defendants argue that the sheer volume of information at issue in this case will likely necessitate the preparation and service of additional interrogatories.  Defendants submit that filing a similar motion every time Plaintiff refuses to consent to additional interrogatories would be a waste of time and judicial resources.

Plaintiff filed a Response [Doc. 99], stating that it consents and stipulates to Defendants' service of Interrogatory Nos. 26-28.  Plaintiff argues, however, that Defendants have not made a particularized showing as to why additional interrogatories are necessary, and Plaintiff requests that the Court deny Defendants' request to serve a total of fifty (50) interrogatories.

Defendants filed a Reply [Doc. 99], stating that they were forced to incur the time and expense of drafting and filing the instant Motion.  Defendants state that nearly one month after they first requested Plaintiff's consent, Plaintiff has now stipulated to the service of Interrogatory Nos. 26-28.  Defendants assert that with respect to their request to serve a total of fifty (50)

interrogatories, the Court is well aware of the complexity of this case and the discovery obstacles that Plaintiff has created. Defendants argue that Plaintiff's sole tactic in this action has been to delay and obfuscate discovery and that such conduct has consumed the Scheduling Order. Defendants assert that nearly all of their discovery efforts to date have been limited to identifying Plaintiff's alleged damages. Defendants state that discovery closes on February 28, 2019, and that filing a similar motion every time Plaintiff refuses to consent to additional interrogatories would be a waste of judicial resources.

## B. Defendants' Motion to File Under Seal

Defendants request [Doc. 96] leave to file their Motion to Serve Additional Interrogatories and exhibits [Doc. 97] under seal. Defendants state that the sealed documents refer to the terms of a confidential settlement that this Court has previously ordered to be placed under seal. Defendants state that they have filed a redacted version [Doc. 95] of their Motion to Serve Additional Interrogatories and exhibits.

Plaintiff filed a Response [Doc. 100], stating Defendants' sealed document references the terms of a confidential settlement agreement that the Court has already placed under seal. Plaintiff states that the need to protect the confidentiality of the document continues. In support of its Response, Plaintiff filed the Declaration of James Cinque [Doc. 100-1], Plaintiff's attorney in this matter. The Declaration states that the settlement agreement was entered into in a pending matter in the United States District Court for the Eastern District of New York, and while the agreement settled some of the claims, there are other claims still viable and pending before the court. [*Id.* at ¶ 2]. The Declaration states that the parties to the settlement agreement intended that it remain confidential. [*Id.* at ¶ 3].

**C.     Plaintiff's Motion for the Magistrate Judge to Reconsider and Modify a Portion of Her Memorandum and Order Entered on October 30, 2018**

Plaintiff requests [Doc. 106] that the Court reconsider and modify the Memorandum and Order entered on October 30, 2018. Specifically, Plaintiff requests that the Court modify the following sentence in the Memorandum and Order: "It appears to the Court that Plaintiff's damages have essentially been a moving target." [Doc. 91 at 18]. For grounds, Plaintiff states that the damages asserted in this matter have not been a "moving target" but have been adjusted to reflect facts occurring during the pendency of the action. In support of its position, Plaintiff filed the Declaration of James Cinque [Doc. 106-1], Plaintiff's attorney. The Declaration submits that Attorney Cinque also represents Plaintiff in connection with the American Arbitration Association matter of *Monadnock Construction, Inc., v. Glasswall, LLC*, No. 2-15-002-8160 ("*Monadnock* Action"). [*Id.* at ¶ 2]. The Declaration states that in the *Monadnock* Action, Monadnock sought damages in the range of $20 million to $30 million. [*Id.* at ¶ 3]. The Declaration states that the arbitrators ultimately awarded Monadnock $1,499,255.18, which is approximately $20 million less than its demand, and that Plaintiff reduced its damages demand in this action to reflect the award. [*Id.* at ¶ 5]. The Declaration states that damages have not been a moving target but were adjusted to reflect the facts occurring during the pendency of this action. [*Id.* at ¶ 6].

Defendants filed a Response [Doc. 107], stating that Plaintiff's Motion should be denied as untimely. Further, Defendants assert that the undersigned's Memorandum and Order is not clearly erroneous or contrary to law and that the decision is supported by the record.

**D.     Defendants' Second Motion for Sanctions and Third Motion to Compel and Plaintiff's Cross Motion for a Protective Order and Opposition to Defendants' Second Motion for Sanctions**

The Court will summarize these Motions together because they relate to the deposition of Plaintiff's expert witness, Charles Boland ("Boland").

In Defendants' Motion [Doc. 108], they argue that on December 7, 2018, Plaintiff named Boland with Greyhawk Construction Services, LLC ("Greyhawk") as its sole expert with respect to damages against Defendants. On December 20, 2018, Defendants served a Notice on Plaintiff setting Boland's deposition for January 9, 2019, a date that the parties had agreed to reserve for depositions. On January 3, 2019, Plaintiff took the position that because Defendants failed to subpoena Boland, Plaintiff was not required to produce the expert for a deposition. Later, Plaintiff stated that Boland was unavailable and that the documents Defendants needed for cross-examination were archived and that it would take a week or so to produce. Defendants assert that Plaintiff told them to choose a date in February for the deposition, knowing that the dispositive motion deadline is January 29, 2019.

Specifically, Defendants request an order (1) prohibiting Plaintiff from relying on either the Greyhawk Report or any testimony of Greyhawk or its representatives, (2) limiting Plaintiff's evidence of out-of-pocket damages to John Anderson's testimony regarding the damages spreadsheet he created and attached to Plaintiff's Supplement to Interrogatory No. 7;[1] and (3) awarding Defendants all of their expenses, including attorney's fees, that they have expended in preparing and litigating the instant Motion. In the alternative, Defendants request that the Court order Plaintiff to: (1) produce Greyhawk for deposition on January 9, 2019, or January 11, 2019, at Plaintiff's counsel's office in New York; (2) order that Plaintiff produce Greyhawk for a deposition on January 21, 2019, in Chattanooga, Tennessee; and (3) compel Plaintiff to respond to written discovery at least three days prior to the deposition.

In Response, Plaintiff filed a Cross Motion for a Protective Order and Opposition to Defendants' Second Motion for Sanctions [Doc. 109]. Plaintiff asserts that a subpoena is required

---

[1] John Anderson is Plaintiff's former president. [Doc. 108 at 1].

in order to depose a third party, and Defendants did not serve Boland with a subpoena. Further, Plaintiff states that a subpoena must be issued by the District Court in New Jersey. Plaintiff states that its expert witness is not under its control and was not afforded reasonable notice of the deposition in light of the Christmas holidays. Plaintiff further asserts that Defendants' Notice requests documents that have been in storage for more than three years, and the witness needs a reasonable amount of time to review and produce them. Plaintiff argues that the Notice directed to Boland is a nullity and should be quashed. In the alternative, Plaintiff requests that the deposition be rescheduled to a date convenient for counsel and the witness.

Defendants filed a Reply [Doc. 110], stating that their Notice is sufficient to procure the testimony of Plaintiff's retained testifying expert and that a subpoena is not required. Further, Defendants argue that they provided sufficient notice of Boland's deposition as well as the request for information in which Greyhawk relied on in formulating the opinion. Defendants assert that Plaintiff fails to satisfy its burden of proof for entry of a protective order.

## II.   ANALYSIS

The Court has considered the parties' positions on the pending Motions and will address the Motions in the order in which they were filed.

### A.   Defendants' Motion to Serve Additional Interrogatories

As mentioned above, Defendants request that Plaintiff answer Interrogatory Nos. 26-28. In addition, Defendants request leave to serve an additional twenty-two (22) interrogatories for a total of fifty (50) interrogatories. Plaintiff consents to the service of Interrogatory Nos. 26-28 but states that Defendants have not made a particularized showing to serve an additional twenty-two (22) interrogatories.

Federal Rule of Civil Procedure 33 governs the number of interrogatories a party may serve. Specifically, Rule 33 states as follows:

> **(1) *Number.*** Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33(a)(1). Plaintiff has agreed to respond to Interrogatory Nos. 26, 27, and 28, and therefore, the Court will **GRANT** Defendants' request with respect to those interrogatories.

The parties dispute whether Defendants may serve an additional twenty-two (22) interrogatories for a total of fifty (50) interrogatories. "Courts have stated that the party seeking leave to serve additional interrogatories must make a 'particularized showing' as to why the additional discovery is necessary." *Aluma-Form, Inc. v. Geotek, LLC*, No. 13-CV-2028-JPM/TMP, 2014 WL 12607091, at *2 (W.D. Tenn. Apr. 4, 2014) (other citations omitted). Here, Defendants simply state that the sheer volume of information at issue in this case will likely necessitate the preparation and service of additional interrogatories. In their Reply, Defendants assert that Plaintiff's conduct constitutes a particularized showing as to why additional discovery is necessary. Defendants state that Plaintiff has delayed and obfuscated discovery in this case. The Court finds that Defendants' statements do not meet the particularized showing necessary to support their Motion. The Court is familiar with the history of this case, including the issues with Plaintiff's alleged damages. Defendants, however, do not explain why additional interrogatories are necessary, especially in light of the undersigned's order compelling Plaintiff to produce information relating to damages. Further, Defendants have not shown how twenty-two (22) additional interrogatories are consistent with Rule 26(b)(1) and (2). The Court observes, however, that Rule 33 allows the parties to stipulate to additional interrogatories. The Court encourages the

parties to discuss whether an agreement can be reached on the number of interrogatories, prior to filing another motion. Accordingly, Defendants' Motion to Serve Additional Interrogatories [**Doc. 95**] is **GRANTED IN PART AND DENIED IN PART**.

### B. Defendants' Motion to File Under Seal

Defendants move [Doc. 96] to place their Motion to Serve Additional Interrogatories and exhibits thereto [Doc. 97] under seal. For grounds, both parties explain that the Motion refers to the terms of a settlement agreement that this Court has already placed under seal. The Court also observes that Defendants filed a redacted version of their Motion to Serve Additional Interrogatories and exhibits thereto [Doc. 95], which contains very limited redactions. Accordingly, for good cause shown, Defendants' Motion to File Under Seal [**Doc. 96**] is **GRANTED**. The Clerk is **DIRECTED** to place [Doc. 97] under seal.

### C. Plaintiff's Motion for the Magistrate Judge to Reconsider and Modify a Portion of her Memorandum and Order Entered on October 30, 2018

As summarized above, Plaintiff requests [Doc. 106] that the Court modify a sentence in the Memorandum and Order that was entered on October 30, 2018.[2] Plaintiff takes issue with the following sentence, "It appears to the Court that Plaintiff's damages have essentially been a moving target," and requests that the undersigned delete the sentence from the Memorandum and Order. Defendants assert that Plaintiff's Motion is untimely and that the Court's observation is not clearly erroneous or contrary to law.

It is well established that the Federal Rules of Civil Procedure do not specifically recognize motions to reconsider. *Young v. Olympus Am., Inc.*, No. 07-2547-STA, 2011 WL 13272344, at *1

---

[2] The Court observes that Plaintiff has specifically requested that the undersigned reconsider the Memorandum and Order. [Doc. 106 at 3] ("[T]he plaintiff moves for the entry of an order *by the Magistrate Judge*, deleting the sentence on page 18 of the Order . . .") (Emphasis added). Thus, the undersigned finds it appropriate to rule on this issue as opposed to treating Plaintiff's Motion to Reconsider as an appeal pursuant to Federal Rule of Civil Procedure 72.

(W.D. Tenn. Jan. 27, 2011). The Sixth Circuit has explained that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citations omitted). "Generally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Young*, 2011 WL 13272344, at *1 (quoting *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)); *see also* Fed. R. Civ. P. 60(b) (explaining the grounds for relief from an order).

The Court finds that Plaintiff has not established any of the above factors that would warrant deleting the sentence from the Memorandum and Order. The Court notes that Plaintiff does not request that the Court amend a *ruling* in its Memorandum and Order but simply takes issue with the Court's observation that Plaintiff's damages have been a moving target in this case. Plaintiff disagrees with the Court's observation and asserts that damages have been reduced to reflect the award in the *Monadnock* Action and other legal fees. These damages, however, were not the only damages that were the subject of the Memorandum and Order, and the Court notes that the primary contention between the parties has been Plaintiff's computation of its out-of-pocket damages. Accordingly, the Court finds that Plaintiff has not shown that amending the Memorandum and Order is warranted, and Plaintiff's Motion [**Doc. 106**] is hereby **DENIED**.

### D. Defendants' Second Motion for Sanctions and Third Motion to Compel and Plaintiff's Cross Motion for a Protective Order and Opposition to Defendants' Second Motion for Sanctions

As an initial matter, the Court notes that given the urgency of the parties' dispute raised in the filings, the undersigned addressed the scheduling of Boland's deposition during a telephonic

hearing on January 10, 2019. *See* [Doc. 111]. During the telephonic hearing, the parties agreed to take Boland's deposition on February 7, 2019.[3] The Court ordered that Boland's deposition be conducted in New Jersey, where Boland resides. Further, given that Boland's deposition was rescheduled, the Court extended the dispositive motion deadline to February 12, 2019. Because the Court has already resolved the issue of Boland's deposition, the Court does not need to address the arguments raised in the parties' filings relating to the deposition. The Court, however, took the remaining issue (i.e., sanctions) under advisement. The Court will now turn to Defendants' request for sanctions.

The Court has considered Defendants' request for sanctions and finds their request not well taken. Specifically, as noted above, Defendants request that the Court: (1) prohibit Plaintiff from relying on either the Greyhawk Report or any testimony of Greyhawk or its representatives, (2) limit Plaintiff's evidence of out-of-pocket damages to John Anderson's testimony regarding the damages spreadsheet he created and attached to Plaintiff's Supplement to Interrogatory No. 7; and (3) award Defendants all of their expenses, including attorney's fees, that they have expended in preparing and litigating the instant Motion.

As noted in the Order [Doc. 111], the primary dispute raised in the parties' Motions relates to the deposition date of Plaintiff's expert witness, Boland. In support of their request for sanctions, Defendants cite to Rule 37(b)(2)(A), which provides sanctions for disobeying an order of the Court. The parties' dispute, however, was not whether Plaintiff violated an order, but instead whether Boland's deposition should proceed on January 9, 2019. Defendants argued that they

---

[3] The Court notes that Defendants' Notice requested documents that serve as the basis for the Greyhawk Report. In its filing, Plaintiff stated that Boland needed a reasonable about of time to review and produce such documents. Given that the parties agreed to the date of Boland's deposition, it appears that Boland will have sufficient time to review and produce such documents prior to his deposition.

provided sufficient notice of the deposition when they served Plaintiff with the Notice on December 20, 2018, and Plaintiff argued otherwise. The Court does not find Defendants' reliance on Rule 37(b)(2)(A) to be helpful in this instance.

The Court notes that the parties could have resolved this issue without intervention from the Court had they simply communicated better. For instance, instead of requesting available dates for a deposition, Defendants served a Notice to Plaintiff on December 20, 2018, setting Boland's deposition for January 9, 2019. Defendants state that the parties had agreed to reserve January 9, 2019, for depositions. While the parties may have been available for depositions, the deponent was simply not available on this date. Further, instead of Plaintiff immediately calling Defendants to let them know that Boland was not available on January 9, 2019, Plaintiff waited until January 3, 2019, to inform Defendants that Bolan was not available. Both parties could have avoided motion practice had they worked together to schedule Boland's deposition. Accordingly, Defendants' Second Motion for Sanctions and Third Motion to Compel [**Doc. 108**] is **DENIED** and Plaintiff's Cross Motion for a Protective Order [**Doc. 109**] is **DENIED AS MOOT** given that the parties were able to agree during the telephonic hearing to proceed with Boland's deposition on February 7, 2019.

III.  **CONCLUSION**

Accordingly, for the reasons more fully explained above, the Court **ORDERS** as follows:

1.  Defendants' Motion to Serve Additional Interrogatories [**Doc. 95**] is **GRANTED IN PART AND DENIED IN PART**;

2.  Defendants' Motion to File Under Seal [**Doc. 96**] is **GRANTED**;

3.  Plaintiff's Motion for the Magistrate Judge to Reconsider and Modify a Portion of Her Memorandum and Order Entered on October 30, 2018 [**Doc. 106**] is **DENIED**;

4.   Defendants' Second Motion for Sanctions and Third Motion to Compel [**Doc. 108**] is **DENIED**; and

5.   Plaintiff's Cross Motion for a Protective Order and Opposition to Defendants' Second Motion for Sanctions [**Doc. 109**] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge